UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ENDURANCE REINSURANCE CORPORATION OF AMERICA, a corporation administered by FIRSTCOMP INSURANCE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; and DOES 1-10 inclusive,<br><br>    Defendants. | No. 2:08-cv-02760-MCE-KJM<br><br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Plaintiff Endurance Reinsurance Corporation of America ("Plaintiff") seeks monetary relief from the United States of America and United States Postal Service ("Defendants") for claims arising under the Federal Torts Claims Act, 28 U.S.C. § 1346(b), et seq. ("FTCA").

///
///
///

1

Presently before the Court is a Motion by Defendants to Dismiss all claims against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] For the reasons set forth below, Defendants' Motion to Dismiss is granted without leave to amend.[2]

**BACKGROUND**[3]

Plaintiff Endurance Reinsurance Corporation of America is a corporation authorized to write workers' compensation insurance in California. Plaintiff insured Dowell Trucking company against liability to its employees for compensation benefits under the Workers' Compensation Law of California.

On November 24, 2006, Mr. John Bassett[4], employed by Dowell Trucking Company, suffered an injury while in the course of his employment. This injury was allegedly the result of a defective or missing handrail at a postal facility located at 3131 Arch Airport Road, Stockton, California.

---

[1] Defendants' Notice of Motion also claims that Plaintiff fails to state a claim upon which relief may be granted. To the extent that this was intended to constitute a Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss, it nonetheless need not be addressed as the jurisdictional issue is superseding.

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

[4] The Court notes that Plaintiff's Opposition refers to the Insured as both "Basset" and "Bassett." For consistency, the Court will use the spelling indicated in the Complaint,"Bassett".

The insured party, Mr. Bassett, suffered injuries to his head, ribs, and rotator cuff. As a result of these injuries, Plaintiff "provide(d) benefits to Mr. Basset under a(n) insurance contract for workers' compensation benefits."

Mr. Bassett elected not to make a claim under the Federal Tort Claims Act and did not file a Complaint against the United States Government.

Plaintiff now files suits stating that it is "a true third party seeking recovery of benefits provided to Mr. Basset caused by the negligence of the Unites States Government/ United States Post Office," who owned, operated, and maintained the postal facility.

**STANDARD**

Federal Courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994). Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). Lack of subject matter jurisdiction may be raised by the district court *sua sponte*: "Nothing is to be more jealously guarded by a court than its jurisdiction." In re Mooney, 841 F.2d. 1003, 1006 (9th Cir. 1988).

///
///

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a facial attack on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis. Thornhill Publ'g Co. v. Gen. Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).

If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

///
///
///
///
///
///

**ANALYSIS**

Defendants argue that Plaintiff has failed to exhaust all administrative remedies as required by the FTCA. Plaintiff counters that it is not required to exhaust such remedies because Plaintiff is a third party to the claim.

"The Federal Tort Claims Act waives the United States' sovereign immunity for actions in tort." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). "The Act allows claimants to sue the government in district court provided that they first give the appropriate federal agency the opportunity to resolve the claim." Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). The administrative claim prerequisite that a claim first be presented to the appropriate federal agency and finally denied in writing before any suit be institutionalized is jurisdictional in nature. Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1977). "Because the requirement is jurisdictional, it must be *strictly* adhered to." Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (emphasis added). This prerequisite may not be waived; failure to comply with the required time period for filing a claim results in the claim being forever barred. Blain, 552 F.2d at 291.

Plaintiff, as a worker's compensation insurance company, was equally required to exhaust all remedies. An insurer which by operation of law has become subrogated to rights of an insured who could have brought an action against the United States under the FTCA is a real party in interest. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380-381 (1949).

As such, an insurer may directly bring action under the FTCA in its own name against the United States. <u>Id</u>. As subrogees to the insured, insurers stand in the shoes of the insured. <u>Cummings v. U.S.</u>, 704 F.2d 437, 439 (9th Cir. 1983). Therefore Plaintiff must follow the same administrative claims procedure required of the insured before filing suit.

Plaintiff argues that this is a third-party complaint exempt from administrative requirements. In doing so, Plaintiff relies on the language of 28 U.S.C. § 2675, which states in pertinent part:

> (A) An action shall not be instituted upon a claim against the United States for money damages for injury...unless the claimant shall have been finally denied by the agency in writing and sent by certified or registered mail...The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of civil Procedure by third party complaint, cross-claim, or counterclaim.

<u>Id</u>. (citations omitted).

Although, Plaintiff contends that it fits this exception, Plaintiff's action is not a third-party complaint. A third-party complaint "refers to the claim asserted by the third-party plaintiff against the third-party defendant." <u>West v. U.S.</u>, 592 F.2d 487, 491 (8th Cir. 1979). When a plaintiff sues the United States directly, these are not claims asserted by third-party complaint, cross-claim, or counterclaim and therefore, the claims procedure is a prerequisite for district court jurisdiction. <u>Johns-Manville Sales Corp. v. U.S.</u>, 690 F.2d 721, 722 (9th Cir. 1982). Here, Plaintiff has sued the United States directly as a real-party-in-interest. Accordingly, this complaint does not fall into a third-party complaint exception.

Plaintiff needed to exhaust all administrative claim procedures. Because Plaintiff has not done so, this Court lacks subject matter jurisdiction.

The holding of this Court is consistent with the purpose of the administrative claim procedure of the Federal Tort Claims Act. The plain language of the FTCA requires "the claimant" to "first present the claim to the appropriate federal agency." Cadwalder, 45 F.3d at 301. The requirement was designed to "encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts." Jerves, 966 F.2d at 520. See also McNeil, 508 U.S. 106, 112 (1993). As the entity directly asserting the claim, Plaintiff "Endurance Reinsurance Corporation of America" is "the claimant" in this case. Prior to filing suit, Plaintiff was required to file an administrative claim, that included 1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and 2) a sum certain damages claim. Id. (Citing Warren v. United States Dept. of Interior Bureau Land Mgmt., 724 F.2d 776 (9th Cir. 1984) (*en banc*).) This requirement gives the Government an early opportunity to investigate and possibly negotiate a settlement of the claim. Here, the United States was not afforded this opportunity as required by the statute.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED without leave to amend. (Docket No. 18) To the extent that Defendants also move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), such Motion is DENIED as moot.

IT IS SO ORDERED.

Dated: February 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE